IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| SALVADOR JIMENEZ, III, | § | |
| Petitioner, | § | |
| v. | § | 2:17-CV-63 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DISMISS
## PETITION FOR A WRIT OF HABEAS CORPUS

On April 11, 2017, petitioner, a state prisoner at the Clements Unit, submitted a handwritten "Motion for Trial Transcripts for Indigent Petitioner in Custody Pursuant to a State Court Judgment, 28 U.S.C. § 753(f)," together with a transmittal letter, wherein petitioner advises he is attempting to initiate a new case challenging his conviction out of Polk County, Texas in Cause No. 15,064. A "motion for trial transcripts" would typically not suffice to open a new proceeding, however, in his pleading and accompanying letter, petitioner indicates he is seeking a federal writ of habeas corpus under 28 U.S.C. § 2254 and identifies various errors he seeks to assert, in addition to requesting a copy of the transcripts from his 1999 murder trial. On April 12, 2017, the Court ordered petitioner to submit to the Court, within twenty (20) days from the filing date of the Order, a properly completed form Petition for a Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 which was transmitted with the Order. Petitioner was warned that failure to timely

HAB54\R&R\JIMENEZ-63.WOP:2

submit the form petition could result in the dismissal of this case without further notice.

As of this date, petitioner has not complied with the April 12, 2017 Order and is in direct disregard of an Order of the Court. Petitioner has not submitted any pleadings to this Court, nor has he communicated with this Court in any manner, since the April 12, 2017 Order. It is the opinion of the undersigned that petitioner has neglected his case to such an extent that it warrants dismissal.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that this case filed by petitioner SALVADOR JIMENEZ, III be DISMISSED for want of prosecution.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this _____8th_____ day of May 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by

electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).